UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Dorothy Graves, | ) | Civil Action No.: 4:06-0034-RBH |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **O R D E R** |
| Horry-Georgetown | ) | |
| Technical College, | ) | |
| | ) | |
| Defendant. | ) | |

    Pending before the Court is [15] motion by the defendant for summary judgment. This case arises from the resignation and alleged constructive discharge of the plaintiff ("Graves") from her employment with the defendant, Horry-Georgetown Technical College ("College").

    This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(g). In his Report, Magistrate Judge Rogers carefully considers the issues and recommends that the defendant's motion for summary judgment be granted as to the plaintiff's federal claims. The Magistrate Judge recommends that this Court remand the state law claim for constructive discharge to the Court of Common Pleas in Horry County, South Carolina. Plaintiff filed objections to the Report on July 23, 2007. Defendant filed a response on August 2, 2007.

    In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or

1

specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

## FACTS

Graves was employed at College from 1974 through February of 2005. She began her employment there as an accounting clerk and eventually became the Procurement Manager. She enrolled in the Teacher and Employee Retirement Incentive Program (TERI) in July of 2002. As outlined in detail in the Report, in 2004 College hired a new Vice President of Business Affairs, Hawley, who served as her supervisor. Plaintiff alleges that Hawley requested on several occasions that she resign from her position and threatened to give her unfavorable evaluations and make her life "hell" and that she felt harassed and discriminated against.

## Plaintiff's Claims

In her Complaint, she alleges a violation of the Older Workers Benefit Protection Act (OWBPA) of 1990, on the basis that she was coerced into resigning without having the opportunity to evaluate the effect this would have on her participation in the TERI program. She also alleges violation of the Equal Pay Act in that College pays higher wages to male employees who have similar working conditions. Finally, she alleges a state common law claim for constructive discharge.

## Legal Standard on Motion for Summary Judgment

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id*. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.,* quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

In this case, the defendant "bears the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick County Commrs*, 945 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)). If the defendant carries this burden, "the burden then shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." *Id*. at 718-19 (citing *Anderson*, 477 U.S. at 247-48).

Moreover, "once the moving party has met its burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, of conclusory allegations to defeat a motion for summary judgment. *Id*. and *Doyle v. Sentry, Insurance Inc.*, 877 F. Supp. 1002, 1005 (E.D. Va 1995). Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits (*see* Fed. R. Civ. P. 56(e)), depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Baber*, 977 F.2d 872, citing *Celotex Corp.*, *supra*.

**OBJECTIONS**

Plaintiff asserts in her objections that the Magistrate Judge erroneously found that summary judgment should be granted to the defendant on the OWBPA claim on the basis that the plaintiff has not brought an ADEA claim, since Plaintiff has alleged that she is a 30-year employee and she is therefore over the age of forty and a member of a protected class under the ADEA . Second, the plaintiff asserts that the Magistrate Judge erroneously recommended that the EPA claim should be dismissed, as she believes that the only comparable college employee was the assistant to the president.

**Discussion**

*Older Workers' Benefit Protection Act*

The Fourth Circuit has not directly addressed the issue whether a plaintiff may bring a claim under the OWBPA without alleging a violation of the ADEA. However, the Fourth Circuit has recognized that "[t]he ADEA, as amended by the Older Workers Benefit Protection Act ("OWBPA"), 29 U.S.C. § 626(f), furnishes specific requirements for a release of claims under the ADEA. . . The OWBPA provides that '[a]n individual may not waive any right or claim under [the ADEA] unless the waiver is knowing and voluntary. . ." *Adams, et. al v. Moore Business Forms, Inc.*, 224 F.3d 324, 327 (4th Cir. 2000). As acknowledged by the Magistrate Judge, the Tenth Circuit has held that a plaintiff's claim based upon the OWBPA should be dismissed where he has not asserted a separate ADEA claim. *Whitehead v. Oklahoma Gas & Electric Co.*, 187 F.3d 1184, 1192 (4th Cir. 1999)("Since Appellants have not asserted a separate ADEA claim, we conclude that the district court properly dismissed Appellants' claim that a violation of the OWBPA, by itself, establishes age discrimination.") *See also*, *Krane v. Capital One Services*, 314 F.Supp.2d 589, 609 (E.D. Va. 2004).

Plaintiff impliedly seems to agree that an OWBPA claim should be raised in conjunction with an ADEA claim. She states in her objections that "by alleging a violation of the Older Workers

Protection Act the assumption is the individual is over the age of 40 considering the Act . . . protects older workers who are over the age of 40." (Objections, p. 5). However, this case is before the Court at the summary judgment stage and the plaintiff has not sought to amend her complaint to allege an ADEA claim. The Court finds that the plaintiff's claim under OWBPA must accordingly be dismissed.

Moreover, the plaintiff has not addressed or disputed the finding in the Report that she has failed to exhaust her administrative remedies.

*Equal Pay Act*

In order to establish a *prima facie* case under the EPA, a plaintiff must show that she receives less pay than a male employee performing a substantially equal job under similar working conditions. "This comparison must be made factor by factor with the male comparator. The plaintiff may not compare herself to a hypothetical male with a composite average of a group's skill, effort, and responsibility, but must identify a particular male for the inquiry." *Houck v. Virginia Polytechnic Institute & State Univ.*, 10 F.3d 204, 206 (4th Cir. 1993). The plaintiff has compared herself with the assistant to the president, since she was the only procurement manager. However, she has not provided any information as to the job description of the comparator or any indication that he performed comparable work. The motion for summary judgment is granted as to the claim under the EPA.

## Conclusion

For the foregoing reasons, the undersigned overrules all objections, adopts the Report and Recommendation except as modified herein and **GRANTS** the defendant's motion for summary judgment as to the federal claims. The Court declines to exercise jurisdiction over the state common law claim of constructive discharge and it is remanded to the Horry County Court of Common Pleas.

**AND IT IS SO ORDERED.**

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Court Judge

September 28, 2007
Florence, South Carolina